UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWAR JAVIER HERNANDEZ HERNANDEZ (A-236-415-813),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-4549 DAD CSK

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner Edwar Javier Hernandez Hernandez (A-236-415-813), a citizen and native of Guatemala, was admitted to the United States in May or June 2022 as a nonimmigrant B-1 visitor for business with authorization to remain for a temporary period not to exceed December 23, 2022. Petitioner remained in the United States beyond December 23, 2022 without authorization. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on February 14, 2026 after an encounter with local law enforcement. Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition be dismissed without prejudice.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Guatemala who was admitted to the United States on May 5, 2022 or June 24, 2022 as a nonimmigrant B-1 visitor for business with authorization to remain for a temporary period not to exceed December 23, 2022.[2] (See ECF No. 1 at 6; ECF No. 5-1 at 2; ECF No. 5-2 at 1.) Petitioner remained in the United States beyond December 23, 2022 without authorization. (ECF No. 5-1 at 2; ECF No. 5-2 at 1.) Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on February 14, 2026 after he was arrested by local law enforcement for possession of cannabis and drug paraphernalia. (ECF No. 5-1 at 2.) Petitioner has been in continuous detention since that time. (See ECF No. 1.) On March 13, 2026, petitioner was issued a Notice to Appear and placed into standard removal proceedings, charged with remaining in the United States longer than permitted. (ECF No. 5-2 at 1).

## II. PROCEDURAL BACKGROUND

On June 12, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On June 25, 2026, respondents timely filed an opposition to the petition. (ECF No. 5.) On July 9, 2026, petitioner filed a request to proceed in forma pauperis. (ECF No. 6.) This request is denied as moot where petitioner submitted the filing fee on July 16, 2026. Also on July 16, 2026, petitioner filed a reply. (ECF No. 7.) The Court excuses petitioner's late filing of his reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality

---

[2] The record contains different dates for petitioner's entry into the United States and the expiration of his visa. Petitioner alleges in his petition that he entered the United States on a visa on May 5, 2022, and the Form I-213 and Notice to Appear list his entry date as June 24, 2022. (Compare ECF No. 1 at 6, with ECF No. 5-1 at 2 and ECF No. 5-2 at 1.) The Court need not resolve the dispute regarding the date of entry. Respondents state in their brief that the visa was valid until December 23, 2024, which appears to be a typographical error where both the Form I-213 and Notice to Appear list the visa expiration date as December 23, 2022. The Court concludes the visa expired on December 23, 2022.

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Though the petition does not appear to challenge the lawfulness of petitioner's detention, petitioner's reply challenges his continued detention as a violation of due process.[3] (See ECF No. 1; ECF No. 7 at 2.) Where respondents address the merits of petitioner's detention in their opposition and because pro se pleadings are liberally construed, the Court also addresses the merits of petitioner's detention. (See ECF No. 5.) Respondents argue that petitioner is properly detained pursuant to 8 U.S.C. § 1226(a) and his detention satisfies due process where section 1226(a) provides procedural protections. (See id. at 2-3.) Respondents further argue that petitioner has failed to exhaust his administrative remedies and the petition should be dismissed. (See id. at 4-5.)

### A. Exhaustion of Administrative Remedies

The Court agrees with the parties that petitioner is detained pursuant to 8 U.S.C. § 1226(a). (See ECF No. 5; ECF No. 7 at 2, 4.) Respondents argue that petitioner failed to exhaust administrative remedies where he is entitled to but has not sought a custody re-determination hearing (i.e., a bond hearing) under section 1226(a). (ECF No. 7 at 2 (citing 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1003.19; Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022)). Petitioner makes no argument as to why he should be excused from prudential exhaustion of administrative remedies; nor does he claim that he is not able to request a custody

---

[3] The petition seeks release for financial reasons where petitioner alleges that he is the main economic support for his daughter and parents, and that he was the victim of fraud during the asylum application process. (See ECF No. 1 at 7.)

re-determination hearing before an immigration judge or that making such a request would be futile. (See ECF No. 7.)

8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Under section 1226(a), a noncitizen such as petitioner may request a custody re-determination hearing by an immigration judge at any time before a final order of removal is issued. 8 C.F.R. §§ 236.1(d)(1), 1003.19. The noncitizen may make this request orally or in writing. 8 C.F.R. § 1003.19(b). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz, 53 F.4th at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). If bond is denied by an immigration judge, the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§ 236.1(d)(3), 1003.19(f). The noncitizen can also request a new bond hearing based upon a showing of materially changed circumstances.[4] See Rodriguez Diaz, 53 F.4th at 1207; 8 C.F.R. § 1003.19(e).

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678

[4] The procedures for a noncitizen seeking another bond hearing are set forth in 8 C.F.R. § 1003.19(e): "After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."

F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

This Court agrees with respondents that the petition should be dismissed based on petitioner's failure to exhaust administrative remedies. In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an immigration judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the

BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the immigration judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

This Court finds that the Puga factors suggest that administrative exhaustion should be required. First, 8 C.F.R. §§ 236.1(d) and 1003.19 set forth the procedures to address and challenge detention/custodial determinations. This Section 1003.19 "regulation demonstrates a clearly established administrative scheme designed to address custodial determinations, a practice that includes an appeals process." See Duc Quoc Bui v. Holder, 2015 WL 3903764, at *3 (E.D. Cal. Jun. 25, 2015) (citing Resendiz v. Holder, 2012 WL 5451162, at *4 (N. D. Cal. Nov. 7, 2012)). Second, instead of requesting an initial bond hearing pursuant to 8 C.F.R. §§ 236.1(d) or

§ 1003.19(b), petitioner filed this habeas petition. To allow petitioners to circumvent the procedures for seeking a subsequent bond hearing "'would encourage the deliberate bypass of the administrative scheme.'" Duc Quoc Bui, 2015 WL 3903764, at *3 (quoting Resendiz, 2012 WL 5451162, at *4). Third, the immigration judge should have the first opportunity to review petitioner's challenge to his custody following the section 1226(a) procedures for custody re-determination. Petitioner has not requested that he be excepted from the exhaustion requirement and he also fails to identify any valid exception to the requirement that he exhaust administrative remedies by requesting an initial bond hearing (custody re-determination hearing).

Petitioner does not dispute respondents' argument that he could request a custody re-determination hearing (i.e., a bond hearing) before an immigration judge under section 1226(a), but petitioner has not made such a request. Petitioner offers no explanation or argument for why he has not exhausted his administrative remedies by taking the first step to request a custody re-determination hearing before an immigration judge. Accordingly, the petition should be dismissed without prejudice based on petitioner's failure to exhaust his administrative remedies.

**V. CONCLUSION**

IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 6) is denied as moot where petitioner submitted the filing fee on July 16, 2026.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/hern.4549.26.imm.frs