UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWAR JAVIER HERNANDEZ HERNANDEZ (A-236-415-813),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-4549 DAD CSK

ORDER

Petitioner is an immigration detainee, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, petitioner is granted twenty-one days from the date of this order to file an amended petition.

On July 28, 2026, this Court recommended that the petition be dismissed based on petitioner's failure to exhaust administrative remedies because petitioner did not request a bond hearing. (ECF No. 8.) In his objections to the findings and recommendations, petitioner claims that he did request a bond hearing. (ECF No. 9 at 1.) On August 6, 2026, petitioner appeared before an immigration judge for a bond hearing. (Id. at 2.) The immigration judge granted petitioner a continuance in order to obtain additional documentation. (Id.) On August 26, 2026, this Court ordered respondents to file a status report addressing the status of petitioner's bond hearing within seven days. (ECF No. 10.) On August 28, 2026, petitioner filed a pleading

docketed as "Supplemental Notice." (ECF No. 11.) In this pleading, petitioner claims that he received his bond hearing and bond was denied. (Id. at 3-4.) In the request for relief, petitioner requests, in part, that the Court order a meaningful and constitutionally adequate individualized custody/bond hearing at which petitioner's current circumstances and complete evidence concerning flight risk, stable housing, sponsor support, family and community ties, immigration compliance and alternatives to detention may be considered. (Id. at 6.) On September 2, 2026, respondent filed a status report stating that petitioner was a provided a bond hearing on August 21, 2026. (ECF No. 12 at 1.) The immigration judge denied bond finding that petitioner constituted a danger to the community. (Id.)

Petitioner is granted twenty-one days to file an amended petition challenging the August 21, 2026 bond hearing. Petitioner is informed that in constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard." Id. (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).

In the Supplemental Notice, petitioner also states that he has experienced difficulties receiving legal correspondence. (ECF No. 11 at 2.) Petitioner refers to the court docket which shows that the July 28, 2026 findings and recommendations were returned unserved on petitioner. (Id. at 2.) Petitioner states that he learned of the findings and recommendations from his partner who reviewed the court docket. (Id.) This Court will direct the Clerk of the Court to re-serve petitioner with the July 28, 2026 findings and recommendations.

The proof of service for respondents' status report filed September 2, 2026 named an incorrect petitioner. (ECF No. 12 at 2.) On September 3, 2026, this Court directed respondents to immediately serve petitioner with the status report filed September 2, 2026, and file proof of

service with the Court. (ECF No. 13.) Respondents failed to file proof of service of the status report on petitioner as ordered. (See Docket.)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted twenty-one days from the date of this order to file an amended petition regarding his August 21, 2026 bond hearing; if petitioner files an amended petition, respondents' response to the amended petition is due within seven days of filing of the amended petition; petitioner may file a reply to respondents' response within ten days of service of the response.

2. The Clerk of the Court is directed to re-serve petitioner with the July 28, 2026 findings and recommendations (ECF No. 8).

3. Within one day of the date of this order, respondents shall serve petitioner with their status report filed September 2, 2026 and file proof of service with the Court. Respondents are reminded of their obligation to conventionally serve their filings on petitioner, who is proceeding pro se. Respondents are further warned that sanctions may issue if they fail to abide by the Court's orders.

Dated: September 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hern4549.imm.ord/2