UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWAR JAVIER HERNANDEZ HERNANDEZ (A-236-415-813),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-04549 DAD CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Edwar Javier Hernandez Hernandez (A-236-415-813), a citizen and native of Guatemala, was admitted to the United States in May or June 2022 as a nonimmigrant B-1 visitor for business with authorization to remain for a temporary period not to exceed December 23, 2022. Petitioner remained in the United States beyond December 23, 2022 without authorization. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on February 14, 2026 after an encounter with local law enforcement. Petitioner, proceeding without counsel, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition be denied.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Guatemala who was admitted to the United States on

May 5, 2022 or June 24, 2022 as a nonimmigrant B-1 visitor for business with authorization to remain for a temporary period not to exceed December 23, 2022.[1] (See ECF No. 1 at 6; ECF No. 5-1 at 2; ECF No. 5-2 at 1.) Petitioner remained in the United States beyond December 23, 2022 without authorization. (ECF No. 5-1 at 2; ECF No. 5-2 at 1.) Petitioner was detained by ICE on February 14, 2026 after he was arrested by local law enforcement for possession of cannabis and drug paraphernalia. (ECF No. 5-1 at 2.) Petitioner has been in continuous detention since that time. (See ECF No. 1.) On March 13, 2026, petitioner was issued a Notice to Appear and placed into standard removal proceedings, charged with remaining in the United States longer than permitted. (ECF No. 5-2 at 1.)

## II. PROCEDURAL BACKGROUND

On June 12, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On June 25, 2026, respondents timely filed an opposition to the petition. (ECF No. 5.) On July 16, 2026, petitioner filed a reply. (ECF No. 7.) On July 28, 2026, this Court recommended the petition be dismissed based on petitioner's failure to exhaust administrative remedies because petitioner had not requested a bond hearing before an immigration judge. (ECF No. 8.)

Following the filing of these findings and recommendations, the parties informed the Court that petitioner received a bond hearing on August 21, 2026, where the immigration judge denied bond. (ECF Nos. 9, 11, 12.) On September 9, 2026, this Court granted petitioner twenty-one days to file an amended petition challenging the August 21, 2026 bond hearing. (ECF No. 14). On September 16, 2026, petitioner filed an amended petition challenging the August 21, 2026 bond hearing. (ECF No. 16.) On September 18, 2026, this Court vacated the prior findings and recommendations and directed respondents to file an answer or motion to dismiss. (ECF No.

---

[1] The record contains different dates for petitioner's entry into the United States and the expiration of his visa. Petitioner alleges in his petition that he entered the United States on a visa on May 5, 2022, and the Form I-213 and Notice to Appear list his entry date as June 24, 2022. (Compare ECF No. 1 at 6, with ECF No. 5-1 at 2 and ECF No. 5-2 at 1.) The Court need not resolve the dispute regarding the date of entry. Respondents state in their brief that the visa was valid until December 22, 2024, which appears to be a typographical error where both the Form I-213 and Notice to Appear list the visa expiration date as December 23, 2022. (ECF No. 5.) The Court concludes the visa expired on December 23, 2022.

17.) On September 25, 2026, respondents filed an answer to the amended petition. (ECF No. 19.) On October 7, 2026, petitioner filed a traverse. (ECF No. 21.) On November 10, 2026, the Court ordered respondents to file an audio recording or transcript of the bond hearing. (ECF No. 22.) On November 11, 2026, respondents filed an audio recording of the bond hearing. (ECF Nos. 23, 24). Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

In his amended petition, petitioner argues that his continued detention violates due process and is unlawful because the immigration judge's August 21, 2026 decision denying bond failed to apply the correct legal standard in finding petitioner presents a danger to the community. (ECF No. 16 at 7-10). Respondents argue that petitioner is properly detained pursuant to 8 U.S.C. § 1226(a) and his detention satisfies due process where section 1226(a) provides procedural protections. (See ECF No. 5 at 2-3; ECF No. 19.) Respondents further argue that petitioner has failed to exhaust his administrative remedies. (See ECF No. 19 at 4-5.) Petitioner contends that even if the Court determines he failed to exhaust administrative remedies, the Court should find his continued detention violates due process. (ECF No. 21 at 7-8.)

**A. Exhaustion of Administrative Remedies**

The Court agrees with the parties that petitioner is detained pursuant to 8 U.S.C. § 1226(a). (See ECF No. 5; ECF No. 19 at 1.) In his amended petition, petitioner asserts he exhausted administrative remedies as to his custody where he requested a bond hearing before the immigration judge, requested additional time to prepare, and submitted evidence in support of his request for custody re-determination. (ECF No. 21 at 7-8.)

Respondents argue that petitioner failed to exhaust administrative remedies where he did not appeal the immigration judge's August 21, 2026 decision denying bond to the Board of Immigration Appeals ("BIA"). (ECF No. 19 at 1-2.) Petitioner acknowledges that he failed to appeal to the BIA and contends that even if the Court determines he failed to exhaust his administrative remedies, his continued detention violates due process. (See ECF No. 21 at 7-8.)

8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Under section 1226(a), a noncitizen such as petitioner may request a custody re-determination hearing by an immigration judge at any time before a final order of removal is issued. 8 C.F.R. §§ 236.1(d)(1), 1003.19. The noncitizen may make this request orally or in writing. 8 C.F.R. § 1003.19(b). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz, 53 F.4th at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). If bond is denied by an immigration judge, the noncitizen may appeal the immigration judge's bond decision to the BIA. 8 C.F.R. §§ 236.1(d)(3), 1003.19(f). The noncitizen can also request a new

bond hearing based upon a showing of materially changed circumstances.[2] See Rodriguez Diaz, 53 F.4th at 1207; 8 C.F.R. § 1003.19(e).

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

This Court agrees with respondents that petitioner failed to exhaust administrative remedies where he acknowledges he did not appeal the immigration judge's August 21, 2026 decision denying bond to the BIA. These facts are similar to those in Leonardo v. Crawford, 646

---

[2] The procedures for a noncitizen seeking another bond hearing are set forth in 8 C.F.R. § 1003.19(e): "After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."

F.3d 1157 (9th Cir. 2011), where the Ninth Circuit found the petitioner failed to exhaust his administrative remedies or establish that a stay of the proceedings was warranted where he did not appeal the immigration judge's decision denying bond to the BIA.

In Leonardo v. Crawford, the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an immigration judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the immigration judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued

habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61. Similarly, as in the facts of the instant case, the Court finds that petitioner has not established that he should be excused from the prudential exhaustion requirement where he failed to appeal the immigration judge's decision to the BIA.

Further, this Court finds that the Puga factors suggest that administrative exhaustion should be required. First, 8 C.F.R. §§ 236.1(d) and 1003.19 set forth the procedures to address and challenge detention/custodial determinations. This Section 1003.19 "regulation demonstrates a clearly established administrative scheme designed to address custodial determinations, a practice that includes an appeals process." See Duc Quoc Bui v. Holder, 2015 WL 3903764, at *3 (E.D. Cal. Jun. 25, 2015) (citing Resendiz v. Holder, 2012 WL 5451162, at *4 (N. D. Cal. Nov. 7, 2012)). Second, petitioner did not request review of the immigration judge's decision denying bond before the BIA pursuant to 8 C.F.R. §§ 236.1(d) or § 1003.19(f). To allow petitioners to circumvent the procedures for seeking a subsequent bond hearing "'would encourage the deliberate bypass of the administrative scheme.'" Duc Quoc Bui, 2015 WL 3903764, at *3 (quoting Resendiz, 2012 WL 5451162, at *4). Third, the BIA should have the first opportunity to review petitioner's challenge to his custody following the section 1226(a) procedures for custody re-determination. Petitioner contends that he has consistently attempted to pursue release notwithstanding his detention, limited access to legal resources, and difficulties in receiving legal correspondence. Though the Court acknowledges the numerous difficulties detainees face and that bond appeals may remain pending for adjudication before the BIA for several months, relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Further, administrative review allows the agency to correct its own mistakes and thus avoid the need for judicial review.

Accordingly, the Court finds petitioner failed to exhaust his administrative remedies as to the August 21, 2026 immigration judge decision.

**B. Due Process Claim**

In his amended petition, petitioner argues that even if the Court finds he should have exhausted administrative remedies, his continued detention violates due process because the immigration judge's August 21, 2026 decision applied an incorrect legal standard in determining petitioner poses a danger to the community. (ECF Nos. 16 at 6-9, 21 at 3-4.) Specifically, petitioner contends this determination violated due process and constitutes legal error because the dangerousness finding was unsupported by individualized evidence and that the dangerousness finding was not sufficiently connected to present danger. (ECF No. 21 at 3-4.)

In constitutional challenges to an immigration judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the immigration judge "applied the correct legal standard." Id. (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). When an immigration judge's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016) (quoting Avagyan v. Holder, 646 F.3d 672, 678 (9th Cir. 2011)).

Under the circumstances of this case, even if the Court were to excuse exhaustion, the Court finds no due process violation. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due

process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. When the procedures called for by § 1226(a) were provided, as in the facts of this specific case where petitioner was detained pursuant to § 1226(a) and received a bond redetermination hearing before an immigration judge, this Court finds no due process violation. See, e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (finding no due process violation where petitioner detained over sixteen months pursuant to § 1226(a) had received a bond hearing and a further bond hearing before an immigration judge was available to him upon a showing of materially changed circumstances); see also Prieto-Romero v. Clark, 534 F.3d 1053, 1068 (9th Cir. 2008) (finding no due process violation where petitioner detained for three years under § 1226(a) "received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker").

Further, the Court finds no abuse of discretion in the immigration judge's decision. The immigration judge considered petitioner's testimony and reviewed the evidence petitioner submitted. (See ECF No. 24.) The immigration judge determined that based on petitioner's conviction for driving without a license and subsequent arrests for driving without a license and possession of marijuana, he constitutes a danger to the community. (See id.) This Court will not reweigh the evidence presented before the immigration judge and finds no abuse of discretion in the immigration judge's determination where it was not arbitrary, irrational, or contrary to law. See Bonilla, 840 F.3d at 581. Though petitioner contends he is challenging the immigration judge's application of the correct legal standard at the bond hearing, a review of his arguments reveals that he is actually asking this court to reweigh the evidence presented at that hearing as to the dangerous determination. (See ECF Nos. 16 at 6-9, 21 at 3-4.) As discussed above, in this regard, petitioner has failed to show that exhaustion should not be required. See O.A.C.S. v. Wofford, No. 1:25-cv-01652-DAD-CSK, 2026 WL 1816122, at *2 (E.D. Cal. June 24, 2026)

(finding that the *Puga* factors weighed in favor of requiring exhaustion where petitioner's arguments regarding whether the proper evidentiary burden was applied at a bond hearing primarily sought to have the court to re-weigh the evidence presented at that hearing).

Thus, this Court will not reweigh the evidence presented before the immigration judge and finds any challenges to the merits of the immigration judge's denial of bond should be raised through the normal process by appealing the denial to the BIA. Accordingly, the Court finds petitioner's due process claims should be denied.

## V. CONCLUSION

IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 6) is denied as moot where petitioner submitted the filing fee on July 16, 2026.

Further, IT IS HEREBY RECOMMENDED that:

1. The amended petition for writ of habeas corpus (ECF No. 16) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

hern.4549.26.imm.frs/9